GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. THE UNITED BANK AND TRUST COMPANY, v. A. J. TILLEY, TRADING AS TILLEY'S WAREHOUSE, A. J. TILLEY, PERSONALLY, J. W. HANCOCK, GEORGE T. HANCOCK, B. H. JONES, D. L. HANCOCK, L. C. SLOAN, O. M. McDANIEL, AND O. P. MAKEPEACE.

(Filed 22 January, 1936.)

APPEAL by plaintiff from *Devin, J.,* at January Term, 1935, of LEE. No error.

This is an action to recover on a note which was executed on 22 September, 1931, by A. J. Tilley, trading as Tilley's Warehouse, as maker, and by his codefendants as endorsers. The note was due on demand, and is payable to the order of United Bank and Trust Company. The amount due on the note at the commencement of the action was $2,910.84.

The plaintiff owns the note sued on as an asset of The United Bank and Trust Company, an insolvent banking corporation in his hands for liquidation; he is not a holder in due course of said note. The title to the note was acquired by The United Bank and Trust Company from the payee, United Bank and Trust Company, by purchase, after its maturity.

In defense of plaintiff's recovery in this action, the endorsers, as defendants, alleged in their answers breaches by the payee of certain agreements with them with respect to the application of the proceeds of the note, and with respect to certain securities held by the payee for the protection of the endorsers.

These defenses were sustained by the jury. The verdict as to the defendants A. J. Tilley and O. P. Makepeace was set aside by the trial judge in the exercise of his discretion.

From judgment that he recover nothing from the defendants J. W. Hancock, D. L. Hancock, George T. Hancock, L. C. Sloan, B. H. Jones, and O. M. McDaniel, on the cause of action alleged in the complaint, the plaintiff appealed to the Supreme Court, assigning errors in the trial.

*J. C. Pittman and Smith, Wharton & Hudgins for plaintiff.*
*K. R. Hoyle and B. F. Brittain for defendants.*

PER CURIAM. A careful examination of the assignments of error on this appeal fails to disclose any prejudicial error for which the plaintiff is entitled to a new trial. There was evidence tending to show agreements by the payee of the note sued on as alleged in the answers, and breaches of these agreements resulting in damages to the endorsers in excess of the amount due on the note.

The judgment is affirmed.

No error.

DEVIN, J., took no part in the consideration or decision of this case.